IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| EDWARD WILSON, | ) | |
| RAYMOND TY COLLINS, | ) | |
| Petitioners. | ) | CRIMINAL CASE: 1:12cr502 |
| | ) | |
| v. | ) | Civil Action No.: 1:15cv1287 |
| | ) | Civil Action No.: 1:15cv1294 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | The Honorable Claude M. Hilton |
| Respondent. | ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE IN OPPOSITION TO PETITIONERS' MOTIONS TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

The United States of America, by and through its undersigned attorneys, opposes the Motions of Petitioner Edward Wilson and Petitioner Raymond Ty Collins Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Petitioners' Motions" or "Wilson Motion" and "Collins Motion," respectively).[1] Petitioners' Motions should be denied, and the Government herein moves to dismiss these matters without an evidentiary hearing

## I. BACKGROUND AND PROCEDURAL HISTORY

On November 29, 2012, Petitioner Wilson and Petitioner Collins were charged with conspiracy to distribute 5 kilograms or more of cocaine and 280 kilograms or more of cocaine base. Petitioner Collins was also charged with possession of a firearm in furtherance of a drug trafficking crime.

---

[1] Petitioner Wilson and Petitioner Collins make identical arguments in their motions, and the Government's Consolidated Response in Opposition responds to both motions.

1

As part of the drug conspiracy, Wilson and Collins obtained and distributed cocaine and cocaine base. From 2009 to 2012, Petitioner Wilson and Petitioner Collins were involved in the sale and distribution of illegal drugs in the Houston, Texas area. To facilitate cocaine trafficking, Collins operated a truck that had a hidden compartment, which he used to store a pistol, cocaine, and cash. Wilson operated an Acura SUV that had a similar hidden compartment. On April 12, 2011, Wilson delivered cocaine during a drug sale and accepted payment on behalf of Collins. On March 26, 2012, Collins was arrested while driving Wilson's Acura SUV, in which officers found cocaine, approximately $35,000 in cash, and a .45 caliber handgun in the hidden compartment.[2]

On February 26, 2013, a jury returned a verdict finding Wilson and Collins guilty of the charge of conspiracy to distribute 5 kilograms or more of cocaine and 280 kilograms or more of cocaine base, as well as finding Collins guilty of the additional charge of possession of a firearm in furtherance of a drug trafficking crime. On March 12, 2013, Wilson and Collins filed motions for a new trial, which were denied on May 31, 2013. On June 5, 2014, Wilson was sentenced to 240 months incarceration and a term of 10 years supervised release; Collins was sentenced to 240 months and 60 months incarceration to be served consecutively and terms of 10 years and 5 years of supervised release to be served concurrently. On June 12, 2013, Wilson and Collins noted their appeals from the denials of their motions for new trials. On July 1, 2014, the U.S. Court of Appeals for the Fourth Circuit affirmed this Court's denials of the motions of Wilson and Collins, which decisions took effect on August 6, 2014. Wilson and Collins did not file petitions for writ of certiorari.

---

[2] Petitioner Wilson and Petitioner Collins apparently concede the factual allegations contained in the indictment and trial transcript and adopt them as part of their Motions. *See* Wilson Motion at 3-4; Collins Motion at 3-4.

Wilson and Collins filed the instant motions for relief under 28 U.S.C. § 2255 on October 5, 2015 and October 6, 2015, respectively.

## II.  LEGAL STANDARD

A petitioner attacking his conviction or sentence pursuant to 28 U.S.C. § 2255 bears the burden of proving that at least one of four grounds justify relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The catch-all fourth category of non-jurisdictional, non-constitutional errors are cognizable under § 2255 only where the alleged error presents either "a fundamental defect which inherently results in a complete miscarriage of justice," "an omission inconsistent with the rudimentary demands of fair procedure," or other "exceptional circumstances" that make the need for remedy apparent. *See Hill v. United States*, 368 U.S. 424, 428 (1962). The petitioner bears the burden of proof by a preponderance of the evidence. *Miller v. United States,* 261 F.2d 546, 547 (4th Cir. 1958).

## III.  ARGUMENT

As pro se litigants, Wilson and Collins are entitled to liberal construction of their Section 2255 Motions. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Wilson and Collins assert a single basis for relief under Section 2255: that Wilson's defense counsel, Joan Robin, and Collins's defense counsel, Christopher Leibig, who represented each of them in this case were constitutionally ineffective. Wilson Motion at 9-14; Collins Motion at 9-14. Specifically, Wilson and Collins baldly assert with little elaboration that their respective defense attorneys did not: (1) adequately communicate with them and conduct an adequate pretrial investigation; and

(2) adequately inform and advise them of the relevant circumstances and likely consequences during the plea bargain process. As explained below, these claims are without merit.

### A. The Performance of Wilson's and Collins's Attorneys Did Not Violate the Sixth Amendment Right to Counsel.[3]

In *Strickland v. Washington*, the Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). The first prong of the *Strickland* test addresses a counsel's professional competence. In that regard, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. To meet this element, a defendant must demonstrate that, in light of all the circumstances as they appeared at the time of the conduct, "counsel's representations fell below an objective standard of reasonableness," *i.e.*, "prevailing professional norms." *Id.*

When a reviewing court makes this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Id.* at 689–90; *see also United States v. Terry*, 366 F.3d 312, 316–18 (4th Cir. 2004); *Matthews v. Evatt*, 105 F.3d 907, 919 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). In assessing whether a defendant has overcome this presumption, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. The Supreme Court has cautioned that "[e]ven the best criminal defense attorneys would not defend a

---

[3] Both Robin and Leibig have been notified of the allegations of ineffective assistance in this matter. Both have declined to submit affidavits regarding their representation of Wilson and Collins, respectively.

4

particular client in the same way." *Id.* The Court noted in particular that the reasonableness of an attorney's actions often depends on "informed strategic choices made by the defendant and on information supplied by the defendant." *Id.* at 691. "This court defines effective assistance of counsel as that which is 'within the range of competence demanded of attorneys in criminal cases.'" *Bell v. Evatt*, 72 F.3d 421, 427 (4th Cir. 1995) (quoting *Marzullo v. Maryland*, 561 F.2d 540, 543 (4th Cir.1977)).

To satisfy the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In other words, a defendant must affirmatively prove prejudice that is so serious as to have deprived him of a fair trial, the result of which is unreliable. *See id.* at 693.

"Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700. Because "[t]he defendant bears the burden of proving *Strickland* prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." *Fields v. Attorney Gen. of Md*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing *Strickland*, 466 U.S. at 697); *see also Terry*, 366 F.3d at 315; *Hutchins v. Garrison*, 724 F.2d 1425, 1430–31 (4th Cir. 1983). In any event, the burden of proof lies with the defendant as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010).

Wilson and Collins first concede that their defense attorneys filed numerous pre-trial motions on their behalf. Wilson Motion at 10; Collins Motion at 9. *See, e.g.,* First Motion for Reconsideration of detention order (October 11, 2012, filed on behalf of

5

Wilson); First Motion in Limine to Exclude 404(b) evidence (January 3, 2013, filed on behalf of Wilson); Motion to Sever Defendant (January 9, 2013, filed on behalf of Wilson); Motion in Limine for pre-trial rulings in admissibility of coconspirator statements (January 9, 2013, filed on behalf of Wilson); Motion in Limine for at least one hour closing argument and for written instructions to be provided to the jury (January 9, 2013, filed on behalf of Wilson); Motion in Limine to declare mandatory minimum sentence unconstitutional as violative of the Eighth Amendment (January 9, 2013, filed on behalf of Wilson); Motion in Limine to argue the law before the jury (January 9, 2013, filed on behalf of Wilson); Motion in Limine to exclude testimony … as it relates to the issue of venue (January 9, 2013, filed on behalf of Wilson); Motion for Exculpatory Evidence (January 9, 2013, filed on behalf of Wilson); Motion in Limine to preclude [witness] from characterizing Mr. Wilson and Mr. Collins as "partners" (January 9, 2013, filed on behalf of Wilson); Motion to Suppress physical evidence and statements (January 7, 2013, filed on behalf of Wilson); Motion to Suppress and/or Exclude as Irrelevant Certain Evidence (January 8, 2013, filed on behalf of Collins); Motion in Limine to Exclude Certain Evidence and Arguments (January 8, 2013, filed on behalf of Collins); Motion to Sever Defendants and Counts (January 8, 2013, filed on behalf of Collins); Motion to Exclude Testimony … as it Relates to Venue (January 8, 2013, filed on behalf of Collins); Motion in Limine for Pre-Trial Rulings on Admissibility of Co-Conspirator Statements (January 8, 2013, filed on behalf of Collins); Motion in Limine for at least one hour closing argument and for written jury instructions to be provided to the jury (January 8, 2013, filed on behalf of Collins); Motion in Limine to Declare Mandatory Minimum Sentences in this case Unconstitutional as Violative of the Eighth Amendment

(January 8, 2013, filed on behalf of Collins); Motion in Limine to Argue Law Before the Jury (January 8, 2013, filed on behalf of Collins); Motion to Adopt Co-Defendant Wilson's Motions (January 8, 2013, filed on behalf of Collins); Motion for Exculpatory Evidence Pursuant to *Brady v. Maryland*, 373 US 83 (1963) (January 9, 2013, filed on behalf of Collins); and Motion in Limine to Require Government Prove Prior Offense Beyond a Reasonable Doubt (January 9, 2013, filed on behalf of Collins).

Nevertheless, Wilson and Collins assert that their defense attorneys "failed to conduct an independent pretrial investigation" on their behalf, and instead, "relied on the government's case file to prepare" for the case. Wilson Motion at 10; Collins Motion at 9. Petitioners conclude, therefore, that "without any kind of investigation, it was impossible for" their defense attorneys to prepare affirmative defenses on their behalf. Wilson Motion at 10; Collins Motion at 9. Wilson and Collins also assert that they "made numerous attempts to discuss" their cases with their defense attorneys, but their attorneys were "unprepared to discuss in any meaningful way the relevant circumstances and likely consequences" of their cases. Wilson Motion at 10-11; Collins Motion at 10. Wilson and Collins conclude that they were "wholly uninformed of the relevant circumstances and likely consequences if [they] pled guilty or proceeded to trial." Wilson Motion at 11; Collins Motion at 10. These arguments[4] fail both prongs of the *Strickland* standard.

---

[4] Wilson and Collins also discuss the standards for legal assistance in the plea bargain process as established in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) and other cases. Wilson Motion at 11-14; Collins Motion at 11-14. Wilson and Collins, however, simply recite case law and make no attempt to connect or apply this jurisprudence to the particular circumstances of their case.

Turning first to the prejudice prong, Wilson and Collins failed to show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. They have not borne their burden of affirmatively proving prejudice so serious as to have deprived them of a fair trial. *See id.* at 693. Rather, Wilson and Collins merely complain generally about the lack of "an independent pretrial investigation" with no allegation as to how the result of the proceeding would have been different had their defense attorneys proceeded specifically with such an additional investigation. They have failed to state what exculpatory evidence or discovery materials could have been, but were not, obtained through additional investigation, or how these materials would have affected the outcome of their case.[5] Likewise, Wilson and Collins cannot plausibly claim to have been uninformed of the consequences of pleading guilty or proceeding to trial. From the very beginning, Wilson and Collins were fully informed of the charges against them and the maximum penalties they faced for those charges at their Rule 5 initial appearances. *See* Fed R. Crim. P. 5(d)(1). Moreover, Wilson and Collins do not raise any issue as to a plea that was foregone or not pursued, and do not describe any particular actions by their defense attorneys that would have resulted in a different outcome in this case. Ultimately, the decision to plead guilty or proceed to trial rests with the defendants alone. Wilson and Collins have failed to show actual prejudice with respect to their defense attorneys' performance.

---

[5] Wilson and Collins have made no claims of actual innocence, nor have they asserted that there were available affirmative defenses that were not utilized.

Nor have Wilson and Collins shown that the performance of each of their defense attorneys was deficient in any way. There is a strong presumption that the conduct of their defense attorneys was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689–90. Wilson and Collins have failed to explain how any of their defense attorneys' acts fell below the professional norm.

Wilson and Collins fault their defense attorneys for focusing on "the government's case file to prepare for" their case. Wilson Motion at 10; Collins Motion at 9. It is axiomatic that the government bears the burden of proving every element of the charges against a defendant. *See, e.g., Old Chief v. United States*, 518 U.S. 172, 199-200 (1997) ("At trial, a defendant may thus choose to contest the Government's proof on every element; or he may concede some elements and contest others; or he may do nothing at all. Whatever his choice, the Government still carries the burden of proof beyond a reasonable doubt on *each* element.") Even accepting Wilson's and Collins's assertions regarding their defense attorneys' decision to focus on the government's case, such a decision is reasonable given the government's burden, and falls within the standards of professional conduct. Without any evidence to the contrary, this Court should indulge the presumption that the decisions by Wilson's and Collins's defense attorneys were reasonable, especially where, as here, Wilson and Collins have failed to show any likelihood that the outcome of the case would have been any different given additional investigation.

Likewise, Wilson and Collins apparently fault their defense attorneys for their (Wilson's and Collins's) own decisions to proceed to trial rather than plead guilty and seek lesser sentences. Wilson Motion at 10; Collins Motion at 10. As a basic matter, a

9

defendant is not constitutionally entitled to a plea agreement. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) ("[T]here is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial"). In any case, "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 132 S. Ct. at 1385. Wilson and Collins have made no showing whatsoever regarding a plea offer that did not come to fruition, nor how their defense attorneys' performances may have negatively affected any such offer or the ultimate outcome of the case.

In sum, Wilson and Collins have failed to overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Even if Wilson and Collins could demonstrate some deficiency in their defense attorneys' performance – which they have not – they have not established that the result of their trial would have been different. *See also United States v. Collins*, 68 F.3d 461, 1995 WL 606786, *1 (4th Cir. Oct. 16, 1995) ("Because [petitioner] failed to show he was prejudiced by counsel's actions, and only asserted conclusory allegations, the district court properly denied relief on [petitioner]'s claims of ineffective assistance of counsel.") Accordingly, each of Wilson's and Collins's claims of ineffective assistance of counsel must fail.

**B. Wilson and Collins Are Not Entitled to an Evidentiary Hearing.**

"A federal court in a habeas proceeding must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitle [that individual] to relief." *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992) (citing *Townsend v. Sain*, 372 U.S. 293, 312 (1963)). With respect to Wilson's and Collins's claims, an evidentiary hearing is not required because the record before the Court is adequate to dispose of the allegations. *See, e.g.*, *Mueller v. Angelone*, 181 F.3d 557, 586–87 (4th Cir. 1999) (concluding, in the context of a § 2254 claim, that where the petitioner fails to raise factual contentions that would require the district court to grant habeas relief, then the district court may resolve the petition without an evidentiary hearing).

## IV. CONCLUSION

For the reasons stated above, the United States respectfully requests that Petitioners' Motions pursuant to 28 U.S.C. § 2255 be denied without an evidentiary hearing.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

BY: _____/s/ John Filamor_____
John D. Filamor
Virginia State Bar #46848
Special Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Ph: (703) 299-3700
Fax: (703) 299-3980
John.Filamor2@usdoj.gov

Gene Rossi
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| EDWARD WILSON, | ) | |
| RAYMOND TY COLLINS, | ) | |
| Petitioners. | ) | CRIMINAL CASE: 1:12cr502 |
| | ) | |
| v. | ) | Civil Action No.: 1:15cv1287 |
| | | Civil Action No.: 1:15cv1294 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | The Honorable Claude M. Hilton |
| Respondent. | ) | |

## ROSEBORO NOTICE

Under Local Rule 7(K), and in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioners are advised that they have the right to file responses opposing the Respondent's response, filed on December 11, 2015, and that failure to respond may result in the dismissal of the Petitioners' Motions to Vacate, Set Aside, or Correct Sentence. Petitioners' responses must identify all facts stated by the Respondent with which Petitioner disagrees and must set forth their version of the facts by offering affidavits (written statements signed before a notary republic and under oath) or by filing sworn statements (bearing a statement that is filed under penalty of perjury). Petitioners may also file a legal brief in opposition to the response filed by the Respondent.

Unless the Court orders otherwise, Petitioners' responses must be filed, and a copy provided to Respondent's counsel, within twenty-one (21) days of the date the Respondent's response was filed.

Respectfully submitted,

Dana J. Boente
United States Attorney

BY:        /s/ John Filamor
John D. Filamor
Virginia State Bar #46848
Special Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Ph: (703) 299-3700
Fax: (703) 299-3980
John.Filamor2@usdoj.gov

Gene Rossi
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th of December 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to all counsel of record. Additionally, I mailed a hard copy of the foregoing by First Class mail to:

Edward Wilson
Prisoner No. 80354-083
FCI Beaumont Low
PO Box 26020
Beaumont, TX 77720

Raymond Ty Collins
Prisoner No. 80355-083
FCI Beaumont Low
PO Box 26020
Beaumont, TX 77720

                                            /s/ John Filamor
                                     John D. Filamor
                                     Virginia State Bar #46848
                                     Special Assistant United States Attorney
                                     U.S. Attorney's Office
                                     Eastern District of Virginia
                                     2100 Jamieson Avenue
                                     Alexandria, VA 22314
                                     Ph: (703) 299-3700
                                     Fax: (703) 299-3980
                                     John.Filamor2@usdoj.gov

                                     Gene Rossi
                                     Assistant United States Attorney